IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DORTHEA APRIL STAFIRN,**

    **Petitioner,**

vs.                                                  Case No. 4:11cv113-MP/WCS

**STATE OF FLORIDA,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner Stafirn, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  She also filed a motion to proceed in forma pauperis, but indicates that she asked that a check for $5.00 (the amount of the filing fee) be taken from her account and sent to the court.  Doc. 2.

When an application for habeas corpus relief is filed "by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district

courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).

Petitioner is currently in custody at Florida State Hospital, having been adjudicated incompetent to proceed to trial on criminal charges in the Fifteenth Judicial Circuit, Palm Beach County, Florida. While not technically "convicted," she is clearly in custody pursuant to the judgment of that state court.

Jurisdiction is appropriate in this district and in the Southern District of Florida, where the judgment imposing her custody was entered. § 2241(d). The district in which the judgment at issue was entered would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Southern District of Florida. § 2241(d). *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting that the practice in district courts in Georgia was to transfer petitions to the district of conviction under § 2241(d)).

Petitioner has also submitted two packages of exhibits, one of which was accompanied by a cover letter asking that the documents be filed in this case. One package contains a notice of appeal dated May 17, 2011, appealing the state court order rendered April 26, 2011, denying habeas corpus relief. Attached thereto is Petitioner's response to order to show cause which references Exs. A-W, which are all included. The other package (accompanied by the cover letter) includes a notice of appeal dated May 25, 2011, also appealing the order rendered on April 26, 2011. It references Exs. A-QQ, which are all included..

Case No. 4:11cv113-MP/WCS

The documents are returned to Petitioner by separate order. They are not referenced in the petition, and the court does not sift through voluminous documents in search of a possible claim.

It is therefore respectfully **RECOMMENDED** that this cause be **TRANSFERRED** to the United States District Court for the Southern District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on June 2, 2011.

   s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.